FRED W. JONES, Jr., Judge.
Vertis Davis, Marvin Green and Franklin Dean were charged separately in the Shreveport City Court, in separate affidavits, with the commission of three misdemeanors, specifically, with violating Louisiana R.S. 14:35 (simple battery), Louisiana R.S. 14:103A(1) (disturbing the peace), and Louisiana R.S. 14:63.3 (entering and remaining in a public place after being forbidden). Although no formal motion was filed for a joint trial of the defendants or for consolidation of the charges against each defendant, both of these actions were taken without objection from the defendants, preliminarily to the bench trial in the city court on June 23, 1982.
Davis was found guilty of all three charges and sentenced to pay fines totaling $575 or serve a total of 57‘/2 days in jail.
Dean was found guilty of disturbing the peace and sentenced to pay a fine of $25 or serve 2V2 days in jail. He was found not guilty of the other charges.
Green was found guilty of “entering and remaining” and fined $50, payment of which was suspended. He was found not guilty of the other charges.
The defendants applied to this court for a writ of review, which application was ordered docketed as an appeal.[1]
Each defendant contends that the trial judge committed reversible error in depriving him of his constitutional right to a trial by jury. For the reasons hereinafter explained, we agree.
*1240 A defendant is entitled to a jury trial in a criminal case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months. 1974 La. Constitution, Article 1, Section 17.
When two or more charges are joined for trial, the aggregate punishment which may be imposed determines whether the right to trial by jury exists. If the total potential punishment exceeds six months imprisonment, the accused is entitled to a jury trial. State v. Williams, 404 So.2d 954 (La.1981); State v. McCarroll, 337 So.2d 475 (La.1976).
The maximum possible penalties for the crimes charged here are: simple battery— $500 and 6 months; disturbing the peace— $100 and 90 days; “entering and remaining” — $500 and 6 months.
When these charges were consolidated for trial, the total maximum potential imprisonment for each defendant was one year and 90 days. Obviously, and as the State concedes, each defendant was entitled to a trial by jury on the consolidated charges. The State argues, however, that this right was waived by the defendants when they proceeded without objection to trial before the judge alone. This contention is without merit.
La.R.S. 13:1894 limits the criminal jurisdiction of city courts to the trial of offenses which are not punishable by imprisonment at hard labor, i.e., to the trial of misdemeanors. Further, La.R.S. 13:1895 stipulates that criminal prosecutions in city courts “shall be tried without a jury.”
The defendants in State v. Seals and Smith, 343 So.2d 717 (La.1977) appealed city court convictions for contributing to the delinquency of juveniles, contending that the city court lacked jurisdiction. Under consideration on appeal were two statutes enacted by our legislature in 1968 denouncing the crime of contributing to the delinquency of a juvenile, one of which provided for a maximum imprisonment of two years in the parish prison and the other two years imprisonment at hard labor. The court concluded that the city court lacked jurisdiction because the offense was a felony. However, in a concurring opinion Justice Dixon pointed out:
“The City Court had no jurisdiction under either penalty. La. Const. Art. 1, Sec. 17 provides for jury trial when penalty may be for more than six months. R.S. 13:1895 prohibits jury trials in city court.”
Subsequently, in State v. Bosworth, 373 So.2d 152 (La.1979), writing for the majority, Justice Dixon commented:
“... on reconsidering the issue it appears that the rationale of Seals was incorrect, although leading to a proper result. A determination of which penalty provision prevailed was actually unnecessary to the decision since the city court could not have exercised jurisdiction under the provisions of either act. Both acts provide for a maximum penalty of two years imprisonment which, under Duncan v. Louisiana [391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491] supra, triggers the constitutional requirement that a jury trial be available to the defendant. However, R.S. 13:1895 specifically provides that prosecutions in city courts are to be tried without a jury. It is therefore clear that a prosecution begun under either penalty provision was improper in a city court.”
When consolidated, the law considers all criminal charges as if they were originally joined in a single bill. La.C.Cr.P. Art. 706; State v. Williams, supra.
In view of the above cited constitutional provisions, statutes and jurisprudence, we find that, when these separate offenses with which the defendants were charged were consolidated for trial, each defendant became entitled to a trial by jury. The effect was as though the charges had been originally joined in a single affidavit. Under those circumstances, it was improper to proceed with the prosecution since jury trials are not allowed in city courts. Consequently, the convictions and sentences on appeal must be reversed.
*1241 We further point out that, as to the defendant Davis who appeals the conviction of multiple charges, upon remand to the city court if the defendant objects to a severance of those charges in order to give the city court jurisdiction, the charges may not be severed. State v. Jones, 396 So.2d 1272 (La.1981).
As to the defendants Green and Dean, each of whom appeals only one conviction, upon remand to the city court the one charge against each may be prosecuted in a new trial before the judge alone, since a jury trial is not required.

Decree

For the reasons set forth above, the convictions and sentences of defendants, Green and Dean, are reversed and the cases are remanded to the Shreveport City Court for further proceedings consistent with this opinion. The convictions and sentences of the defendant, Davis, are reversed and his case is remanded to the Shreveport City Court where, if the defendant objects to a severance of the charges, they shall be dismissed in that court, without prejudice to the right of the State to institute prosecution of the charges in the district court.
HALL, J., concurs and assigns written reasons.

. For the reasons explained in the body of the opinion, we find that each defendant’s case was triable by jury and, consequently, appealable to this court. 1974 La.Const., Art. 1, Sec. 17.