458 So.2d 1301 (1984)
STATE of Louisiana
v.
John JOHNSON.
No. 84-KA-1115.
Supreme Court of Louisiana.
November 26, 1984.
*1302 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Theodore J. Johnson, William Campbell, Asst. Dist. Attys., for plaintiff-appellant.
Dean Yellin, Jefferson, for defendant-appellee.
CALOGERO, Justice.
The state has appealed from a district court judgment holding La.C.Cr.P. art. 493.1 unconstitutional. For the reasons which follow, we find that the court erred in doing so. Accordingly we reverse and remand the case for further proceedings.
On December 16, 1983, defendant John Johnson was charged in a single bill of information with two misdemeanors, resisting an officer in violation of La.R.S. 14:108, and possession of marijuana in violation of La.R.S. 40:966. The maximum authorized penalty for each of the two offenses is six months imprisonment. If sentenced to consecutive terms, defendant thus faced a possibility of one year in jail.
Defendant sought a jury trial. The state opposed, citing and relying on La.C.Cr.P. art. 493.1 and La.C.Cr.P. art. 779. La.C. Cr.P. art. 493.1 (added by Act No. 149 of 1983) provides:
Whenever two or more misdemeanors are joined in accordance with Article 493 in the same indictment or information, the maximum aggregate penalty that may be imposed for the misdemeanors shall not exceed imprisonment for more than six months or a fine of more than $500.00, or both.
La.C.Cr.P. art. 779 provides
A. A defendant charged with a misdemeanor in which the punishment may be a fine in excess of five hundred dollars or imprisonment for more than six months shall be tried by a jury of six jurors, all of whom must concur to render a verdict.
B. The defendant charged with any other misdemeanor shall be tried by the court without a jury.[1]
The effect on this defendant of these two statutory provisions is to limit his penalty exposure to six months imprisonment, and deny him a trial by jury. But for the 1983 enactment of La.C.Cr.P. art. 493.1, and the state's charging the two misdemeanor offenses in the same information (See State v. Odell, 458 So.2d 1304 (La.1984) (handed down this date[2]), defendant would have been entitled to a jury trial because his penalty exposure in the "case" exceeds six months imprisonment. La.Const. art. I, § 17; State v. McCarroll, 337 So.2d 475 (La.1976). The trial judge effectively declared La.C.Cr.P. art. 493.1 unconstitutional (presumably only insofar as it was used as a means of denying defendant Johnson a jury trial.)[3]
This appeal by the state followed.[4]
The only argument or reason asserted as to why La.C.Cr.P. art. 493.1 should be declared unconstitutional is that the statute gives the state an opportunity to deprive a defendant of a jury trial to which he might otherwise be entitled because charged with *1303 a crime or crimes for which the punishment may be confinement for more than six months. La.Const. art. I, § 17; Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); State v. McCarrol, supra.
In response to this argument it should be noted that the state is always in a position to affect a defendant's right to trial by jury simply by charging a defendant with a crime which carries a six month maximum penalty rather than one which carries a longer penalty. A defendant cannot be heard to complain that he should be charged with a crime which has an authorized penalty of over six months rather than one with an authorized penalty of six months or less simply because thus charged he is not entitled to a jury trial. The state may also charge a defendant separately with crimes which each carry a maximum penalty of six months and thereby avoid a jury trial, rather than charge him with such crimes in a single indictment or information.
So too, should defendant not be heard to complain because the state joins two or more six month misdemeanors in a single information, thus limiting, under La.C.Cr.P. art. 493.1, the total maximum authorized punishment for all the offenses to six months imprisonment and/or $500.00.
It should also be noted that neither crime with which defendant is charged, alone, entitles him to a trial by jury. Defendant only reaches the penalty exposure which, under La.C.Cr.P. art. 779, would entitle him to a jury trial by combining the two offenses in one information. Charged separately, defendant would not be entitled to a jury trial in either of the two cases. Defendant is not being deprived of a right to a jury trial to which he would otherwise be entitled. Defendant suffers no adverse effects from the statute (at this point in time in any event), but to the contrary gains a limit on his penalty exposure of six months imprisonment for all the offenses.[5]
Accordingly, we hold that La.C.Cr.P. art. 493.1 is not unconstitutional.

Decree
The district court judgment holding that La.C.Cr.P. art. 493.1 is unconstitutional is reversed and the case is remanded to the district court for further proceedings consistent with the views expressed herein.
REVERSED; REMANDED.
NOTES
[1] La.C.Cr.P. art. 779 is the legislative implementation of La.Const. art. I, § 17, which provides in pertinent part that "[a] case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months shall be tried before a jury of six persons...."
[2] Appeals were filed in three similar cases. The three cases were consolidated in this Court and argued together. Separate opinions are being handed down today. See State v. Odell, 458 So.2d 1304 (La.1984) and State v. Hynes, 458 So.2d 1303 (La.1984).
[3] Actually the trial judge simply chose to follow a ruling by the chief judge of the criminal district court wherein he had declared unconstitutional a similar statute, R.S. 13:2501.1(J), passed in the same 1983 legislative session. State v. Odell, supra.
[4] 1974 Louisiana Constitution, Article 5, Section 5(D) provides: "Appellate Jurisdiction. In addition to other appeals provided by this constitution, a case shall be appealable to the supreme court if (1) a law or ordinance has been declared unconstitutional; ..."
[5] A defendant charged, for example, with two separate DWI offenses or two separate marijuana offenses may have cause to complain that a single non-jury trial makes it easier for the state to secure two convictions which, because of accumulation under recidivist statutes, will expose defendant, on conviction of a later offense, to a more severe penalty than that to which he might otherwise have been exposed. Whether, in such a case, the earlier convictions will be treated as one or two convictions under the recidivist statute is a question that can be examined when that arises.