458 So.2d 1304 (1984)
STATE of Louisiana
v.
David S. ODELL.
No. 84-KA-0921.
Supreme Court of Louisiana.
November 26, 1984.
*1305 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Robert Jones, III, William Campbell, Theodore J. Johnson, Asst. Dist. Attys., for plaintiff-appellant.
Brian M. Begue, New Orleans, for defendant-appellee.
CALOGERO, Justice.
The state has appealed from a district court judgment holding La.R.S. 13:2501.1(J) unconstitutional. We find that such a determination was not necessary for resolving the issue before the district court. Accordingly, we reverse the district court judgment.
Defendant David S. Odell was charged in the Traffic Court of New Orleans by eight separate affidavits, with the commission of eight separate traffic offenses which he allegedly committed on April 2, 1983. The two most serious charges against the defendant were the state misdemeanor offenses of driving while intoxicated in violation of La.R.S. 14:98, and reckless operation of a vehicle in violation of La.R.S. 14:99. On April 5, 1983, Odell was arraigned and pled not guilty to each charge. Thereafter, on October 6, 1983, defendant, through counsel, moved to have all the charges consolidated for trial. The motion was granted. Then, on October 7, 1983, defendant moved to quash the charges against him in Traffic Court on the grounds that he was entitled to a trial by jury, and Traffic Court lacked jurisdiction over jury trial matters. La.R.S. 13:2501.1(F).[1] The motion was denied without reasons.
Defendant then applied to the appeals division of Criminal District Court to review the ruling of the Traffic Court denying his motion to quash. Although not entirely clear from the record of the proceedings in the Criminal District Court, it appears that whether defendant was or was not entitled to a jury trial was perceived to turn on the application of La.R.S. 13:2501.1(J) (added by Act No. 176 of 1983). That subsection of the statute provides:
Whenever two or more misdemeanors or ordinance violations are joined by affidavit or information for trial in the Traffic Court of New Orleans, the maximum aggregate penalty that may be imposed shall not exceed a fine of five hundred dollars or imprisonment for six months, or both. (emphasis provided)
La.Const. art. I, § 17 provides in pertinent part that "[a] case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months shall be tried before a jury of six persons...."
Accordingly, one effect of La.R.S. 13:2501.1(J) would seemingly be to obviate an accused's right to a jury trial by limiting his penalty exposure to six months imprisonment. Since the accused is then not exposed to the possibility of over a six month prison sentence, he is not entitled to a jury trial.
The trial court made the following ruling:
The Court finds that Act 176 (1983) of the Louisiana Legislature, as applied to this Defendant, unconstitutionally deprives *1306 him of the right to a trial by jury. The Court hold[s] therefore, that the act is unconstitutional. The Court in considering this, takes into consideration, not only the memos filed by both counsel, but also, State of Louisiana v. Joseph Sepulvado, 42 So.2d p. 630.
Although not expressly stated, the court's ruling by its reference to Sepulvado seems to have been prompted by a belief that La.R.S. 13:2501.1(J) was being applied to this defendant in a ex post facto manner.[2] Defendant committed the alleged offenses prior to the effective date of the provision. Accordingly, as applied to this defendant, presumably because of the ex post facto problem, the court declared the statute unconstitutional.
While the trial court may have been correct relative to its conclusion concerning the unconstitutional retroactive application of R.S. 13:1501.1(J), we find that it unnecessarily reached that constitutional question in disposing of this case.
The question presented to the trial court was whether the Traffic Court erred in denying defendant's motion to quash. The motion was grounded on the Traffic Court's lack of jurisdiction over matters which require a trial by jury. It is not disputed that absent the recent enactment of La.R.S. 13:2501.1(J), defendant would have been entitled to a jury trial because the cummulation of offenses exposed him to a penalty in excess of six months imprisonment. La.Const. art. I, § 17; La.C.Cr.P. art. 779; State v. McCarroll, 337 So.2d 475 (La.1976).[3] Thus, he would have been beyond the jurisdiction of Traffic Court. La. R.S. 13:1501.1(F). The question presented, therefore, is whether or not La.R.S. 13:2501.1(J) applies to this case so as to affect defendant's entitlement to a jury trial. We find that it does not.
The provision, La.R.S. 13:2501.1(J), is very specific and only extends the benefits of a reduced sentence exposure "(w)henever two or more misdemeanors or ordinance violations are joined by affidavit or information for trial...." The decision of whether to charge an accused in one bill of information with multiple offenses, or in separate bills of information for each offense, is within the discretion of the district attorney alone (or, in the New Orleans Traffic Court, the city attorney). It is only when the district attorney exercises that discretion and joins the violations in one affidavit or information that a defendant is entitled to the reduced sentencing exposure. Here, this defendant was charged in eight separate affidavits with eight separate offenses. The offenses were consolidated by the trial judge on defendant's motion. They were not "joined by affidavit or information."[4] As a consequence, La.R.S. 13:2501.1(J) does not apply to this case.[5]
*1307 The Legislature, in enacting subsection J of La.R.S. 13:2501.1, was surely cognizant of the Court's decision in State v. McCarroll. That decision tied the jury trial right to the penalty exposure in a "case" irrespective of whether charges were joined by the charging document or by the court in response to defendant's motion. Thus, had the Legislature intended to do so, it could simply have made the provision applicable, "whenever two or more misdemeanors or ordinance violations are joined" in a case, rather than when joined "by affidavit or information." However, it did not do so. Instead, it left the application of the favorable sentencing limits, by implication, within the discretion of the prosecutor, who alone has the function of, or responsibility for, filing charges.[6]
Accordingly, La.R.S. 13:2501.1(J) is not applicable to this case and defendant, being exposed to the possibility of a sentence which exceeds six months imprisonment is entitled to a jury trial and in this regard beyond the jurisdiction of the Traffic Court of New Orleans. The motion to quash was erroneously denied by the judge of New Orleans Traffic Court.

Decree
For the foregoing reasons, the district court judgment declaring La.R.S. 13:2501.1(J) unconstitutional is reversed. The case is remanded to the district court for such further proceedings as may be consistent with the views expressed herein.
REVERSED; REMANDED
MARCUS, J., concurs and assigns reasons.
LEMMON, J., dissents and will assign reasons.
DIXON, C.J., dissents with reasons.
MARCUS, Justice (concurring).
In footnote number four the majority indicates that "[t]he district attorney has the option to dismiss the charges and recharge the defendant under one bill of information if he wants to, but he has not as yet chosen to do so." Likewise, the district attorney could dismiss the charges, recharge defendant by separate affidavits, and proceed thereafter to separate trials. Defendant's motion to consolidate need not be granted by the trial judge.[1] However, defendant could move to consolidate and expressly waive trial by jury.
Accordingly, I respectfully concur.
DIXON, Chief Justice (dissenting).
I respectfully dissent.
A court with jurisdiction over each case cannot be deprived of jurisdiction by the defendant's moving to consolidate.
We decided in 1970 that "the right to a jury trial is tested by the punishment authorized for the particular offense. The consolidation of the cases for trial does not alter this rule. Consolidation is a procedural device to conserve trial time." City of Monroe v. Wilhite, 255 La.838, 233 So.2d *1308 535, 536 (1970), cert. den. 400 U.S. 910, 91 S.Ct. 136, 27 L.Ed.2d 150 (1970).
The consolidation for trial of separate non-jury cases gives no right to a jury trial in either district court or city court.
NOTES
[1] La.R.S. 13:2501.1(F) provides in pertinent part:

The traffic court shall have no other jurisdiction, and shall not have jurisdiction over the trial of any state offense that now or hereafter may require a trial by jury.
[2] In State v. Sepulvado, 342 So.2d 630 (1977) the Court considered the question of whether an amendment to La.C.Cr.P. art. 493, which allowed the charging of multiple crimes in one indictment instead of by separate indictments as had formerly been the law, could be applied retroactively to Sepulvado who had committed the offenses prior to the effective date of the provision. In concluding that the application of the change in the law to Sepulvado was permissible, the Court discussed at length when the retroactive application of statutes constitutes a constitutional violation as an ex post facto law.
[3] In State v. McCarroll, supra, this Court held that where a person is charged with two or more offenses in a "case" and the combination of the penalties exceeds six months imprisonment, the person is entitled to a jury trial notwithstanding that had he been tried separately for each offense he would have not been entitled to a jury trial. In McCarroll we effectively overruled Monroe v. Wilhite, 255 La.838, 233 So.2d 535 (1970) (actually we determined that "we must disregard the holding in Wilhite in light of Codispoti v. Pa., 418 U.S. 506, 94 S.Ct. 2687, 41 L.Ed.2d 912 (1974)."
[4] The district attorney has the option to dismiss the charges and recharge the defendant under one bill of information if he wants to, but he has not as yet chosen to do so.
[5] It may be that even if the violations against this defendant had been joined by affidavit or information, defendant would still be beyond the jurisdiction of traffic court. As cited supra, La.R.S. 13:2501.1(F) which confers jurisdiction on the traffic court provides in pertinent part that traffic court "shall not have jurisdiction over the trial of any state offense that now or hereafter may require a trial by jury." (emphasis provided) This statute was added by Acts 1975, No. 127, § 1. It may well be that because of its wording, jurisdiction over matters which may require a trial by jury is tied to the law at the time the provision was enacted.
[6] La.C.Cr.P. art. 493.1, enacted in the same Legislative Session as La.R.S. 13:2501.1(J), and an apparent complementary provision applicable to district court, provides:

Whenever two or more misdemeanors are joined in accordance with Article 493 in the same indictment or information, the maximum aggregate penalty that may be imposed for the misdemeanors shall not exceed imprisonment for more than six months or a fine of more than five hundred dollars, or both.
This statute, with its reference to La.C.Cr.P. art. 493 (which concerns when offenses can be joined in the same indictment or information), clearly indicates the Legislative intent that the favorable sentencing limitation be dependent upon how the district attorney charges the offender and not on how the case is eventually tried. See State v. Johnson, 458 So.2d 1301 (La. 1984) and State v. Hynes, 458 So.2d 1303 (La. 1984) for this Court's consideration of the validity of La.C.Cr.P. art. 493.1.
[1] La.Code Crim.P. art. 706 provides that the trial judge "may" order consolidation for trial upon motion of defendant.