ORDER
In this application for supervisory jurisdiction, the defendant complains of the failure of the trial court to sustain his motion to suppress the photoelectric intoximeter (PEI) test in his DWI prosecution. Specifically, the defendant contends that he was not warned of the consequences which would result if his PEI test result showed a blood alcohol concentration of 0.10 percent or higher. He therefore asserts that the result is inadmissible according to LSA-R.S. 32:661 C(2). We granted the defendant’s application in order to determine if the transcript of the motion to suppress indicated that the defendant had been orally warned, since it was clear that he had not been warned on the form which he signed at the police station immediately prior to the test. Moreover, we were concerned with the effect of Act 409 of 1984 which eliminated Subpart (2) of Part C of Section 661.
The record forwarded to us contains, in this regard, only a motion to suppress and memorandums in support and in opposition. The only transcript is of proceedings had on September 21, 1984, when the matter was apparently taken up for argument. However, from this record, together with the state’s brief, it is apparent that it is conceded that the defendant was not warned either orally or by the form. The state principally contends to us that the motion to suppress was appropriately overruled because the defendant is charged generally with a violation of LSA-R.S. 14:98 A. The state argues that since the defendant has not been specifically charged under Subpart (2), which defines DWI as driving with a blood alcohol concentration of 0.10 percent or higher, that the state can nevertheless proceed against the defendant under the other subparts of the statute, and thus the defendant was not entitled to the warning.
However, LSA-32:661 C(2) specifically states that if the warning procedure is not followed, the results of the test or any reference to it are inadmissible in evidence in any criminal action or proceeding alleged to have occurred while the defendant was driving his vehicle while under the supposed influence of alcoholic beverages. Sub-part (2) of Part C was removed by Act 409 of 1984, effective September 3,1984. However, the defendant was arrested on July 28, 1984. Therefore, the state’s position that it has several avenues of prosecution for DWI under LSA-R.S. 14:98 is of no avail. The defendant was not warned, and on the day he was arrested a warning was *68 required for the results of the PEI test to be later admitted into evidence.
The ruling of the trial court overruling the motion to suppress herein is reversed and the motion to suppress the defendant’s PEI examination is sustained.
WRIT MADE PEREMPTORY, THE TRIAL COURT IS REVERSED, THE MOTION TO SUPPRESS IS SUSTAINED, and THE CASE IS REMANDED.