CARTER, Judge.
Defendant, Herbert G. Thorpe, was charged by bill of information with driving while intoxicated-first offense (a violation of LSA-R.S. 14:98) and by affidavit with improper lane usage (a violation of LSA-R. S. 32:79). These charges arose from the same incident which occurred in St. Tammany Parish on February 11, 1986. The two charges were tried in a single bench trial, and defendant was found guilty as charged. On the DWI conviction, defendant was sentenced to pay a fine of three hundred dollars plus court costs and to serve four months in parish jail. The jail sentence was suspended, and defendant was placed on probation for two years subject to conditions. On the improper lane usage conviction, defendant was sentenced to pay a fine of fifty dollars plus court *683 costs. In bringing this appeal, defendant raises three assignments of error:
1. The trial court erred in denying defendant’s motion to quash the bill of information filed on the basis that the time limitation for the commencement of trial provided in LSA-C.Cr.P. art. 578(3) had expired in that the bill of information was filed on March 26, 1986, and this matter was tried on April 9, 1987.
2. The trial court erred in denying defendant’s motion for a directed verdict which was based on the failure of the state to establish that the alleged violation occurred in St. Tammany Parish.
3. The trial court erred in admitting evidence of the results of a field sobriety test which was given to defendant prior to his having been informed of his constitutional rights including the right against self-incrimination, and in finding the defendant guilty of the charge of driving while intoxicated as the opinion testimony of the officer as the sole evidence introduced by the state was insufficient to support a finding of guilt beyond a reasonable doubt.
This Court has noticed, ex proprio motu, error patent on the face of the record which requires that these convictions and sentences be reversed. LSA-C.Cr.P. art. 920(2). Therefore, we do not consider defendant’s assignments of error.
The maximum penalty for a first DWI offender is a fine of five hundred dollars and six months in prison. See LSA-R.S. 14:98(B). The maximum penalty for a first improper lane usage offender is a fine of one hundred seventy-five dollars and thirty days in prison. See LSA-R.S. 32:57. When the maximum sentences are added, the total possible punishment is seven months imprisonment and a fine of six hundred seventy-five dollars. LSA-C.Cr.P. art. 493.1 limits penalty exposure on consolidated misdemeanors to a maximum of six months imprisonment and a five hundred dollar fine, provided the offenses are jointly charged. In the instant case, the provisions of LSA-C.Cr.P. art. 493.1 are not applicable because the offenses were not jointly charged. See State v. Odell, 458 So.2d 1304 (La.1984). Therefore, the maximum aggregate sentence exposure exceeded six months in prison and/or a five hundred dollar fine; and defendant was entitled to a trial by jury. LSA-Const. Art. 1, § 17; LSA-C.Cr.P. art. 779.
A defendant who is entitled to a trial by jury may waive that right. However, the waiver must be made knowingly and intelligently. Waiver of the right to trial by jury is never presumed. State v. Verdin, 496 So.2d 641 (La.App. 1st Cir.1986); State v. Suggs, 432 So.2d 1016 (La.App. 1st Cir.1983).
The record herein does not reflect that defendant waived his right to a jury trial. Since waiver of this right cannot be presumed, defendant’s convictions and sentences must be reversed. This matter is remanded for further proceedings in accordance with the views expressed herein.
CONVICTIONS AND SENTENCES REVERSED; CASE REMANDED.