539 So.2d 123 (1989)
STATE of Louisiana, Appellee,
v.
Ervin L. WALLACE, Appellant.
No. 20493-KW.
Court of Appeal of Louisiana, Second Circuit.
February 22, 1989.
Rehearing Denied March 23, 1989.
*124 Diehlmann C. Bernhardt, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., James A. Norris, Jr., Dist. Atty., Mark Donahoe, Asst. Dist. Atty., Monroe, for appellee.
Before HALL, FRED W. JONES, Jr., and NORRIS, JJ.
NORRIS, Judge.
On August 1, 1987 the defendant, Ervin Wallace, was arrested when it was reported that he had driven onto a sidewalk, crushed a child's tricycle and driven off, seeming intoxicated. When defendant was pulled over the officers noted that he had been driving in an erratic manner, his speech was slurred, his eyes were bloodshot, and he staggered when he walked. The defendant refused both a field sobriety test and any chemical test.
Ultimately Wallace was charged by separate bills of information with driving while intoxicated, second offense, simple criminal damage to property, driving left of center and driving while under revocation.
On May 24, 1988 the defendant filed a Motion for Consolidation of all charges. This motion was heard on June 28, 1988. The state's only ground for objecting to the motion for consolidation was that the defendant should not be afforded a jury trial. After argument the trial judge denied the motion to consolidate.
All charges against the defendant were tried on August 16, 1988. Prior to trial the defendant re-urged his motion to consolidate, which was again denied by the trial judge. At the conclusion of trial Wallace was found guilty as charged of second offense DWI and driving left of center, but not guilty of driving under revocation and simple criminal damage to property.
Defendant is before us now on grant of supervisory writ to consider his three assignments of error:
(1) The defendant was entitled to a trial by jury;
(2) The Motion to Consolidate was improperly denied; and
(3) It is error patent not to have a written judgment of conviction to prove an alleged predicate offense.

RIGHT TO JURY TRIAL
Defendant argues that he was entitled to a trial by jury, and the court erred in failing to grant him one.
A case in which the punishment may be confinement with or without hard labor for more than six months shall be tried before a jury of six persons. LSA-Const. Art. I, § 17. A defendant charged with a misdemeanor in which the punishment may be a fine in excess of five hundred dollars or imprisonment for more than six months shall be tried by a jury of six jurors. LSA-C.Cr.P. art. 779.
When two or more charges are consolidated for trial under LSA-C.Cr.P. art. 706, the aggregate punishment which may be imposed determines whether the right to trial by jury exists. If the total potential punishment exceeds six months imprisonment, an accused is entitled to a jury trial. State v. Eppinette, 478 So.2d 679 (La.App. 2d Cir.1985); see also Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970); State v. Williams, 404 So.2d 954 (La.1981).
The state contends that even if the charges against defendant were consolidated, under art. 706 he is not entitled to trial by jury. The state interprets the language of art. 706[1] to trigger the applicability of LSA-C.Cr.P. art. 493.1,[2] thus limiting the penalty and avoiding a jury trial. In Eppinette, *125 however, we decided this issue adversely to the state by concluding that art. 493.1 is not applicable when a defendant is charged with multiple misdemeanors in separate bills of information and successfully moves to consolidate the charges for trial. State v. Eppinette, supra; State v. Thorpe, 521 So.2d 682 (La.App. 1st Cir. 1988).
Had the trial court granted defendant's motion to consolidate in the instant matter, his maximum aggregate sentencing exposure would have exceeded six months exposure and/or a $500 fine,[3] and defendant would have been entitled to trial by a jury of six persons. Therefore, we must consider defendant's other assignment of error complaining of the denial of his motion to consolidate.

MOTION TO CONSOLIDATE
Defendant argues that the court erred in denying his motion to consolidate under C.Cr.P. art. 706.
Upon motion of the defendant the court may order two or more indictments consolidated for trial if the offenses could have been joined in a single indictment. C.Cr.P. art. 706; State v. Seay, 521 So.2d 1206 (La.App. 2d Cir.1988). C.Cr.P. art. 493 provides that two or more offenses may be charged in the same indictment if the offenses charged
... are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial.
Defendant's alleged actions, driving left of the center line, driving during the revocation of his license, crushing the child's tricycle, and driving while under the influence of alcohol were all part of the same incident or transaction. The state submitted all the charges on the testimony given in the trial of the DWI offense. The state concedes that all four charges arose from a single incident. Further, all four charges were misdemeanors punishable by not more than six months imprisonment and a five hundred dollar fine, and thus triable by the same mode of trial. Consolidation was permissible, and advisable for reasons of judicial economy.
The granting of a motion to consolidate lies within the sound discretion of the trial judge. LSA-C.Cr.P. art. 706; State v. Ford, 454 So.2d 1226 (La.App. 2d Cir.1984). However, the judge abuses this discretion in refusing to order consolidation unless the state shows a legitimate prosecutorial end in opposing consolidation. State v. Comeaux, 408 So.2d 1099 (La. 1981). At the hearing on the motion the only argument advanced by the state for opposing consolidation was that consolidation would afford Wallace the right to a jury trial.[4] Depriving a defendant of a *126 jury trial is not a legitimate prosecutorial end. State v. Jones, 396 So.2d 1272 (La. 1981); State v. Comeaux, supra. In the absence of a legitimate prosecutorial end in opposing consolidation, we must find that the trial judge abused his discretion in denying the motion to consolidate.
Appellant's first two assignments of error present reversible error. Defendant's motion to consolidate should have been granted and he should have been afforded a jury trial.

JUDGMENT OF CONVICTION
In his final assignment of error appellant argues that the absence of a signed judgment of conviction in the predicate DWI offense is error patent on the face of the record. Appellant argues that the judgment must be in writing and signed by the judge in order to be effective.
Although our dispositions of appellant's two prior assignments of error render this moot, we note that the record contains a certified transcript of defendant's Boykinization and guilty plea together with minutes of the sentencing hearing pertaining to the predicate DWI offense. The Louisiana Supreme Court has recently held that in a bench trial a judgment of guilty, pronounced by the judge on the record in open court and recorded in the minutes, is sufficient. State v. Weilbacher, 531 So.2d 456 (La.1988). There is no merit in this final assignment of error.
We reverse defendant's convictions, vacate his sentences and remand to the trial court for further proceedings consistent with this opinion.
REVERSED, VACATED AND REMANDED.

ON APPLICATION FOR REHEARING
Before HALL, FRED W. JONES, NORRIS, SEXTON and LINDSAY, JJ.
Rehearing denied.
NOTES
[1] Art. 706. Consolidation for trial

Upon motion of a defendant * * * the court may order two or more indictments consolidated for trial * * *. The procedure thereafter shall be the same as if the prosecution were under a single indictment.
[2] Art. 493.1. Joinder of misdemeanors; penalties Whenever two or more misdemeanors are joined in accordance with Article 493 in the same indictment or information, the maximum aggregate penalty that may be imposed for the misdemeanors shall not exceed imprisonment for more than six months or a fine of more than five hundred dollars, or both.
[3] Second offense DWI, LSA-R.S. 14:98(C), provides for a fine of not less than $300 nor more than $500 and imprisonment of not less than 30 days nor more than six months; driving left of center, LSA-R.S. 32:71(A), is punishable by a fine of not more than $100, or by imprisonment for not more than 30 days or both; driving during the revocation of a license, LSA-R.S. 32:415, carries a fine of up to $500 and/or imprisonment up to six months; simple criminal damage to property worth less than $500, LSA-R.S. 14:56, is punishable by a fine of not more than $500 and/or imprisonment of not more than six months.
[4] At the hearing, the prosecutor stated in part:

Mr. Cook: Your Honor, the state will submit that the defendant has no absolute right to a trial by jury. Article 706 says that he may move for a consolidation. Of course, that's within the discretion of the judge.
* * * * * *
To buttress the fact that it is within the discretion of the district attorney and the fact that consolidation is a procedural means for the convenience of the courts and the parties involved the state would submit that the state is still left the alternative to dismiss all charges and reinstitute prosecution under one bill of information thereby limiting the exposure to six months and still deny the defendant a right to trial by jury. So we submit that he is not entitled to consolidation as a matter of right in this case.
* * * * * *
Mr. Cook: ... he [defendant] would be entitled under the law, as it's interpreted by the Second Circuit and the Supreme Court, to a trial by jury if he moved for a Motion to Consolidate and the trial court did grant that motion. Again, in argument, if that be the case then that's all he's asking for. The state submits it's not a compelling or substantial reason because we could dismiss and reinstate prosecution and thereby deny his right to trial by jury.
* * * * * *
By the Court: ... because the Court feels that it's up to the District Attorney's Office how they bring the charges. So the Motion to Consolidate would be denied.