540 So.2d 1023 (1989)
STATE of Louisiana, Appellee,
v.
Joe D. BURTON, Appellant.
No. 20146-KA.
Court of Appeal of Louisiana, Second Circuit.
February 22, 1989.
Albert W. Block, Jr., West Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Don C. Burns, Dist. Atty., and Donald *1024 D. McKeithen, Asst. Dist. Atty., Columbia, for appellee.
Before MARVIN, NORRIS and LINDSAY, JJ.
LINDSAY, Judge.
The defendant, Joe D. Burton, appeals his convictions for disturbing the peace and remaining on the premises after being forbidden, violations of LSA-R.S. 14:103(A)(2) and 14:63.3. For the following reasons, we reverse the defendant's convictions, vacate his sentences and remand the case to the trial court for further proceedings.

FACTS
The defendant is the father of a seven year old daughter. He is divorced from the child's mother. Prior to this incident, the defendant had not seen his daughter for approximately one year. On May 8, 1987, the defendant went to the child's elementary school to attempt to see her. He was accompanied by his mother and his present wife.
The defendant went to the school office and spoke to the school principal, Mrs. Loleta May. The defendant requested permission to see the child. Mrs. May told the defendant to wait in the office while she went to talk to the child.
The child became upset and did not want to see the defendant. The child's mother was called. She came to the school, took the child and departed.
The defendant was then told that the child was not on the premises. He became agitated and began conducting a search of the school in an attempt to find his daughter. The defendant was loud and belligerent. The incident occurred near lunch time. Because of the defendant's behavior, the other children were kept in their rooms rather than being taken to lunch. The defendant refused to leave the school when requested to do so by the principal. At that point, local law enforcement officers were contacted.
The local town marshal, Freddie M. Mercer, arrived and observed the defendant walking up and down the halls. When asked to leave, the defendant made offensive and derisive remarks. He then left the school premises.
Two separate bills of information were filed against the defendant. The first charged him with disturbing the peace by directing offensive and derisive language to Freddie M. Mercer in such a manner as to "interfere with his functions as Chief of Police of Grayson, Louisiana." The second bill of information charged the defendant with remaining on the school premises after being forbidden. A bench trial was held on November 14, 1987. Both charges were tried together.
The trial judge found the defendant guilty as charged on both offenses. The defendant was sentenced to pay a fine of $100 for disturbing the peace and $300 for remaining on the premises after being forbidden.
The defendant filed an application for writs of review with this court. On January 28, 1988, this court issued an order stating that the writ application was not considered because pertinent court minutes were not filed as required by URCA 4-5(i). We also noted that the defendant was charged with two separate misdemeanor offenses, the aggregate possible penalties for which exceed the threshold requirement for a jury trial under LSA-C.Cr.P. Art. 779.[1] We also noted that the record did not reflect whether the defendant waived his right to a jury trial. Finally, we noted that LSA-C.Cr.P. Art. 912.1(B)[2] provides for *1025 appeals when there is a judgment in a criminal case triable by a jury.
The defendant then appealed his convictions, claiming the trial court erred in denying his motion for directed verdict, based on the failure of the state to prove all of the essential elements of the offenses charged. The defendant also contends that there was insufficient evidence to support the convictions. The defendant further argues that it was error to consolidate and try these two separate misdemeanor charges before a judge alone, without a waiver of his right to a jury trial. For the following reasons, we find that the defendant's convictions and sentences must be reversed and vacated inasmuch as there is no showing that the defendant waived his right to a trial by jury.

RIGHT TO JURY TRIAL
Louisiana Constitution Article 1 Section 17 provides that a case in which the punishment may be confinement with or without hard labor for more than six months shall be tried before a jury of six persons. See also LSA-C.Cr.P. Art. 779.
When two or more charges are joined for trial, the aggregate punishment which may be imposed determines whether the right to trial by jury exists. State v. McCarroll, 337 So.2d 475 (La.1976). If the total potential punishment exceeds six months imprisonment, an accused is entitled to a jury trial. State v. Eppinette, 478 So.2d 679 (La.App. 2d Cir.1985).
Under the provisions of LSA-C. Cr.P. Art. 493.1, the prosecution may elect to join all misdemeanors in one bill of information. In such a case, the defendant's sentencing exposure is limited to six months imprisonment and therefore he is not entitled to a jury trial.
However, in situations such as the present case, in which misdemeanors are charged in separate bills of information and joined for trial, the provisions of LSA-C.Cr.P. Art. 493.1 are not applicable, and the defendant does have a right to a trial by jury. State v. Eppinette, supra. This right may be waived. LSA-C.Cr.P. Art. 780. A waiver of this right must be made knowingly and intelligently and is never presumed from a silent record. State v. Williams, 404 So.2d 954 (La.1981); State v. Muller, 351 So.2d 143 (La.1977); State v. Eppinette, supra; State v. Salata, 479 So.2d 660 (La.App. 3d Cir.1985); State v. Bouche, 485 So.2d 950 (La.App. 5th Cir. 1986).
Even when the defendant does not request a jury trial, and proceeds to a bench trial without objection, this does not constitute a waiver of the right to a trial by jury. State v. Eppinette, supra; State v. Bouche, supra.
In the instant case, the defendant was charged in two separate bills of information with misdemeanors. The aggregate maximum possible punishment for these two offenses exceeded six months imprisonment,[3] thereby entitling the defendant to the right of trial by jury.
The two charges were tried together in one trial before a judge alone. The record is silent regarding a waiver of the right to trial by jury. Because there is no showing on the record that the defendant made a knowing and intelligent waiver of his right to a jury trial, his convictions and sentences must be overturned and the case remanded to the trial court for further proceedings.
The defendant also argues that there was insufficient evidence to convict him of disturbing the peace and remaining on the premises after being forbidden. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Because we find that the convictions and sentences must be overturned on the jury trial issue, we pretermit a discussion of these assigned errors. State v. Boult, 440 So.2d 766 (La.App. 2d Cir.1988), overruled on other grounds in *1026 State v. Gillespie, 486 So.2d 984 (La.App. 2d Cir.1986); State v. Salata, 479 So.2d 660 (La.App. 3rd Cir.1985).

CONCLUSION
For the above stated reasons, we reverse the convictions of the defendant, Joe D. Burton, and vacate his sentences. This case is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED, VACATED AND REMANDED.
NOTES
[1] LSA-C.Cr.P. Art. 779 provided, at the time of this offense:

A. A defendant charged with a misdemeanor in which the punishment, as set forth in the statute defining the offense, may be a fine in excess of five hundred dollars or imprisonment for more than six months shall be tried by a jury of six jurors, all of whom must concur to render a verdict.
B. The defendant charged with any other misdemeanor shall be tried by the court without a jury.
[2] LSA-C.Cr.P. Art. 912.1(B) provides, in part:

B. The defendant may appeal to the court of appeal from a judgment in a criminal case triable by jury.
[3] The maximum penalty under LSA-R.S. 14:63.3, remaining after being forbidden, is a fine of five hundred dollars and imprisonment in the parish jail for six months. The maximum penalty for a violation of LSA-R.S. 14:103, disturbing the peace, is a fine of one hundred dollars and imprisonment for ninety days.