ORDER
WRIT GRANTED AND MADE PEREMPTORY:
Relator was charged by separate affidavits with committing second offense DWI and improper lane usage. Consequently, he was exposed to a maximum sentence of greater than six months. La. R.S. 14:98(C); La.R.S. 32:57; 32:79. Under our law, relator was entitled to a jury trial. La. Const. Art. 1, § 17; La.C.Cr.P. art. 779.
The state moved to sever the charges at the commencement of trial. Before the trial court grants a motion to sever, the mover must show prejudice will result from trying the charges together. La.C.Cr.P. art. 495.1; State v. Jones, 396 So.2d 1272 (La.1981); State v. Tucker, 482 So.2d 19 (La.App. 1 Cir.1985).
The prosecution’s only stated reason for requesting a severance was to eliminate relator’s right to a jury. We find this an unacceptable ground for granting the state’s motion. Accord: State v. Wallace, 539 So.2d 123 (La.App. 2 Cir.1989). Therefore, the trial court erred in granting a severance where the state failed to show any legitimate prosecutorial end which would be served by trying the charges separately.
This conviction is reversed and the matter remanded to the trial court for further proceedings consistent with this order.