Dear Mr. Jones:
This office is in receipt of your request for an opinion of the Attorney General in regard to witness fees for off-duty officers. Your questions are as follows:
 1. If three individuals are charged in one bill of information and an off-duty officer appears as a witness, is that officer entitled to three fees since there are three defendants; and
 2. If one individual is charged in one bill of information with three misdemeanors and an off-duty officer appears as a witness, is that officer entitled to one fee or three since there are three separate charges.
Your inquiry is controlled by R.S. 15:255 which provides in pertinent part as follows:
 A. (1) Whenever a law enforcement officer is required to be present, in his official capacity, as a witness in any criminal case or delinquency adjudication in any district or parish court or any court exercising juvenile jurisdiction, during any time he is not required to report to work or perform the duties of his office, the governing authority of the parish shall pay him the sum of twenty-five dollars for each day per case, but no more than seventy-five dollars in any one day, regardless of the number of cases for which he is required to be present or whether he actually testified in the case, and which sum shall be paid pursuant to the provisions of R.S. 15:255(D)(1). This fee shall be provided to the law enforcement officer within sixty days from the date of appearance. This fee shall not be paid, however, to any law enforcement officer who is compensated by his employer for his appearance as a witness pursuant to the provisions of the federal Fair Labor Standards Act, as amended. (Emphasis added.)
The article refers to payment per "case". To understand the meaning of "case" in relation to your question, the rules in the Code of Criminal Procedure on joinder appear pertinent.
Under the circumstances prescribed in C.Cr.P. Art. 493 two or more offenses may be charged in the same indictment in separate counts. The provisions of C.Cr.P. Art. 494 allow two or more defendants to be charged in the same indictment.
We find many years ago it was recognized that the joinder of different counts in one a bill of information was one proceeding. State v. McLane, 4 La. Ann 435 (1849). In State v. Eppinette, 478 So.2d 679 (La.App 1985), the court recognized that the right to a jury trial depends upon the penalty exposure in a "case", and under C.Cr.P. Art. 493.1 whenever two or more misdemeanors are joined in the same indictment, the maximum penalty that may be imposed shall not exceed that for the maximum of one misdemeanor. Thus, it appears the joined misdemeanors can be considered "a case".
Similarly, where multiple defendants are charged in one bill of information with only one docket number, this would be considered one case. There can only be multiple defendants if they participated in the same act or series of acts constituting an offense or offenses. C.Cr.P. Art. 494.
The law allows for a severance when there is a showing of prejudice by a joinder, and the court may order separate trials. Unless this is done we would conclude there is but one trial or case, and the off-duty officer is entitled to one fee.
We hope this sufficiently answers your questions, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR/0548f