WATKINS, Judge.
On September 12, 1983, defendant, Calvin Goza, was charged by bill of information with driving while intoxicated, and with two counts of negligent injury, in violation of LSA-R.S. 14:98 and LSA-R.S. 14:39. On December 6, 1983, defendant was tried before a judge and found guilty on both counts of negligent injury, but not guilty of driving while intoxicated. Defendant was sentenced to serve six (6) months in parish prison and to pay a fine of five hundred ($500) dollars. He appeals, alleging that the trial judge erred by finding defendant guilty of two counts of negligent injury.
This court has noticed, ex proprio motu, error patent on the face of the record which requires us to reverse the judgment of conviction and remand for a new trial.[1] LSA-C.Cr.P. art. 920(2). We do not, therefore, consider defendant’s assignment of error.
*25 Defendant was charged with driving while intoxicated (DWI) and two (2) counts of criminal negligence. The maximum prison term was six months on each offense, or eighteen (18) months.[2] If the total potential punishment exceeds six months imprisonment, an accused is entitled to a jury trial. La.Const. Art. I, sec. 17 (1974).
An accused may waive his right to a trial by jury, but the waiver must be made knowingly and intelligently. LSA-C. Cr.P. art. 780. Waiver of this right is ■never presumed. State v. McCarroll, 337 So.2d 475 (La.1976); State v. Suggs, 432 So.2d 1016 (La.App. 1 Cir.1983).
The record does not show that defendant waived his right to a jury trial. Since waiver of this right cannot be presumed, defendant’s conviction is constitutionally invalid and must be reversed. This proceeding is remanded for further proceedings in accordance with the views expressed herein.
REVERSED AND REMANDED.

. While defendant was acquitted on the DWI count at the first trial, we note that jeopardy on a first prosecution does not attach if the first trial court was illegally constituted or lacked *25 jurisdiction. LSA-C.Cr.P. art. 595(1); State v. Suite, 319 So.2d 347 (La.1975).

. LSA-C.Cr.P. art. 493.1 was not in effect at the time the offenses herein were allegedly committed, which was August 27, 1983. The article, or Act 149 of 1983, became effective August 30, 1983.