485 So.2d 950 (1986)
STATE of Louisiana
v.
Robert L. BOUCHE.
No. 85-K-644.
Court of Appeal of Louisiana, Fifth Circuit.
March 10, 1986.
Rehearing Denied April 22, 1986.
*951 Douglas A. Allen, Jr., Jefferson, for relator.
John M. Mamoulides, Dist. Atty., Ronald Bodenheimer, Dorothy A. Pendergast, Asst. Dist. Attys., Louise Korns, of counsel, Gretna, for respondent.
Before CHEHARDY, DUFRESNE and WICKER, JJ.
CHEHARDY, Judge.
This matter comes before us by writ of review. Robert L. Bouche was convicted by the First Parish Court for the parish of Jefferson of driving while intoxicated (LSA-R.S. 14:98), and was acquitted of two other charges arising from the same incident (reckless operation of a motor vehicle, LSA-R.S. 14:99, and operating a motor vehicle without a valid driver's license on his person, LSA-R.S. 32:411 D). He received a six-month sentence and a $300 fine, the prison sentence was suspended, and he was placed on active probation for two years subject to certain conditions.
In his writ application Bouche asserted that the evidence was insufficient to prove him guilty beyond a reasonable doubt and that the videotaping of his field sobriety test violated his constitutional privilege against self-incrimination. We do not consider these issues, however, because a fundamental error deprived the parish court of jurisdiction to hear his case. Accordingly, we are required to vacate his conviction and to transfer the case to the district court for trial de novo.
Specifically, we have determined that although Bouche was entitled to a trial by jury, there is nothing in the record to show whether he waived that right. Accordingly, the conviction was constitutionally invalid. State v. Goza, 467 So.2d 24 (La.App. 1 Cir.1984). Further, because the parish court lacks jurisdiction over criminal cases requiring trial by jury, jeopardy did not attach and the matter must be retried. LSA-C.Cr.P. art. 595(1); State v. Boasso, 478 So.2d 945 (La.App. 5 Cir.1985).
The problem arises because the defendant was charged with the three violations in two separate bills of information. When several charges are consolidated for trial, the law considers them as if they were originally joined in a single bill. When charges are joined the total possible punishment is the sum of the maximum possible for each. State v. Williams, 404 So.2d 954 (La.1981). Where a defendant is exposed to a maximum aggregate penalty exceeding six months imprisonment, he is *952 entitled to a jury trial. La. Const. Art. I, Sec. 17; State v. Laurendine, 439 So.2d 398 (La.1983).
The Legislature has provided an exception to this rule. The jury trial requirement may be avoided in misdemeanor cases under certain circumstances: Whenever two or more misdemeanors are joined in the same indictment or information, the maximum aggregate penalty that may be imposed shall not exceed six months imprisonment or a $500 fine or both. LSA-C. Cr.P. art. 493.1.
Thus the State may avoid the jury trial requirement for a defendant charged with several misdemeanors by charging them in the same indictment or information. Although the defendant is thereby deprived of his right to a jury, at the same time he benefits because his maximum sentencing exposure is reduced to six months.
Before the reduced sentencing exposure and the concomitant extinguishment of the right to a jury can be applied, however, the prosecution must comply strictly with the requirements of Art. 493.1. The language of Art. 493.1 indicates the penalty reduction applies only where the multiple misdemeanors are joined in the same indictment or information. Thus, where trial of several misdemeanors is consolidated on the motion of the defendant, he is not deprived of his right to a jury nor granted the reduced sentencing exposure because the language of Art. 493.1 implies that the application of the favorable sentencing limits is within the discretion of the prosecution. See State v. Johnson, 458 So.2d 1301 (La.1984); State v. Odell, 458 So.2d 1304 (La.1984).
In State v. Landry, however, this court interpreted that article to include a situation where the misdemeanors were charged on separate complaint affidavits but were filed under a single docket number, were presented as one information at arraignment and trial, and were considered and treated as one information by both the court and the district attorney. 463 So.2d 761 (La.App. 5 Cir.1985), writs denied 464 So.2d 1373.
In the first bill of information here, bearing Case No. F626952, Bouche was charged with violating R.S. 14:98 (driving while intoxicated). In the second bill of information, bearing Case No. F626953, he was charged with violating R.S. 14:99 (reckless operation of a motor vehicle) and R.S. 32:411 D (no driver's license on person).
The maximum penalty for a first DWI offender is a $500 fine and six months in prison; for reckless operation, $200 and 90 days in prison; for a first offense of no driver's license on person, $175 and 30 days imprisonment (see LSA-R.S. 32:57). When the maximum sentences in this case are added the total possible punishment is ten months' imprisonment and a $875 fine. Thus the defendant is entitled to a jury trial unless this case fits within the boundaries of State v. Landry, supra, and State v. Boasso, supra.
As noted, each bill of information bore a different case number. The minute entry sheet in the record and the pleadings show the docket number assigned by the First Parish Court as "XXXXXX-XX A." The question is whether this number was intended to indicate consolidation of the two bills of information (i.e., "F626952 c/w F626953") or whether it was a number indicating a single case (in effect, "jacketing" the bills of information together).
The record does not clarify this issue. Trial commenced on all three charges together without mention of consolidation or jury trial. Although the three charges seem to have been treated by the court, the prosecution and the defense as if charged on one bill, there is no indication that the prosecution intended to exercise its discretion to limit the defendant's sentencing exposure under Art. 493.1.
Waiver of the right to a jury trial is never presumed. State v. McCarroll, 337 So.2d 475 (La.1976). The record does not show that the defendant was informed of and subsequently waived his right to trial *953 by jury. His failing to request a jury and proceeding to a bench trial without objection do not amount to a waiver of his right. State v. Eppinette, 478 So.2d 679 (La.App. 2 Cir.1985).
We conclude the record does not establish compliance with the requirements of C.Cr.P. art. 493.1. Therefore the defendant was entitled to a trial by jury. Because he was entitled to a jury, the parish court was without jurisdiction to hear his case. LSA-R.S. 13:1450 A.
For the foregoing reasons, the defendant's conviction and sentence are vacated. The matter is hereby transferred to the 24th Judicial District Court for the Parish of Jefferson for a new trial in accordance with the views expressed herein.
CONVICTION AND SENTENCE VACATED; CASE TRANSFERRED TO THE 24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON.