WICKER, Judge.
This appeal arises from the conviction of defendant, George G. Mesman by the First Parish Court for the Parish of Jefferson for committing the offense of driving while intoxicated (L.S.A.-R.S. 14:98). Mr. Mes-man was also charged in a separate Bill of Information with improper lane change (L.S.A.-R.S. 32:79), for which he was acquitted. As a result of his conviction of D.W.I., Mr. Mesman received a six month prison sentence, a $300.00 fine and was ordered to pay special court costs. His prison sentence was suspended and he was placed on probation for six months subject to certain conditions.
Mr. Mesman thereafter appealed his conviction asserting the inadmissibility of the arresting officer’s testimony regarding a field sobriety test when the officer, without legal authority, forces an individual to submit to the test without consent. We need not consider this issue, however, as our review of the record for patent error reveals that the defendant was entitled to a jury trial, thus depriving the parish court of jurisdiction to hear the case. We must, therefore, vacate the conviction and transfer the case to the district court for trial de novo. See State v. Bouche, 485 So.2d 950 (La. 5th Cir.1986).
When several charges against a defendant are consolidated, the law considers all charges as if they were originally joined in a single bill of information, and as a result the total possible punishment is the sum of the maximum possible for each charge. State v. Williams, 404 So.2d 954 (La.1981); State v. Bouche, supra. A defendant is entitled to a jury trial when he is exposed to a maximum aggregate penalty exceeding six months imprisonment. La. Const. Art. 1, sec. 17; State v. Laurendine, 439 So.2d 398 (La.1983); State v. Bouche, supra. Waiver of defendant’s right to trial by jury is never presumed. State v. Mc Carroll, 337 So.2d 475 (La. 1976); State v. Bouche, supra.
An exception to the consolidation rule has been provided by the legislature when the offenses involved are misdemeanors. L.S.A.-C.Cr.P. Art. 493.1 states:
*1298 “Whenever two or more misdemeanors are joined in accordance with Article 493 in the same indictment or information, the maximum aggregate penalty that may be imposed for the misdemeanors shall not exceed imprisonment for more than six months or a fine of more than five hundred dollars, or both.” [Emphasis added]
Thus, in order for the state to avoid the jury trial requirement, it must charge the defendant with the several misdemeanors in the same indictment or information. The defendant benefits by a reduction in his maximum sentencing exposure, although he is deprived of his right to trial by jury. State v. Bouche, supra.
This court has previously interpreted L.S.A.-C.Cr.P. art. 493.1 to include the situation in which the misdemeanors are charged on separate affidavits, but are filed under a single docket number, were presented as one information at arraignment and trial, and were considered and treated as one information by both the court and the district attorney. State v. Landry, 463 So.2d 761 (La.App. 5th Cir. 1985), writs denied 464 So.2d 1373 (La. 1985). Because the language of Art. 493.1 implies that the application of the favorable sentencing limits is within the discretion of the prosecution, the right to a jury trial is not, however, lost when several misdemeanors are consolidated on motion of defendant under the authority of L.S.A.-C. Cr.P. art. 706. See State v. Johnson, 458 So.2d 1301 (La.1984); State v. Odell, 458 So.2d 1304 (La.1984).
In this case, the charges against Mr. Mesman were filed in separate Bills of Information and he was not informed of nor did he waive his right to a jury trial. The record, in addition, does not reflect that the case was “packeted” and treated as one case as occurred in Landry, supra. Thus, we must conclude that Mr. Mesman was deprived of his right to a jury. Since he was entitled to a jury trial, the parish court was therefore without jurisdiction to hear his case. L.S.A.-R.S. 13:1450(A). However, since the parish court lacks jurisdiction over criminal jury cases double jeopardy does not attach to the charges and Mr. Mesman may also be retried on the charge of improper lane change. State v. Boasso, 478 So.2d 945 (La.App. 5th Cir. 1985); L.S.A.C.Cr.P. art. 595(1).[1]
Accordingly, after a review of the law and evidence, the defendant’s conviction and sentence are hereby vacated and the matter transferred to the 24th Judicial District Court for the Parish of Jefferson for a new trial.
CONVICTION AND SENTENCE VACATED CASE TRANSFERRED TO THE 24TH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON.

. We are aware of the recent case of State v. Henderson, 485 So.2d 656 (La.App. 4th Cir. 1986), which holds that first offenders charged with D.W.I. are entitled to a jury trial because certain mandatory "costs" expose the defendant to fines in excess of $500. See L.S.A.-C.Cr.P. 779(A). However, we find it unnecessary to rule on this issue in this case, since the defendant is entitled to a jury trial on other grounds.