620 So.2d 816 (1993)
STATE of Louisiana
v.
Marguerite HORNUNG.
No. 93-K-0976.
Supreme Court of Louisiana.
June 25, 1993.
*817 PER CURIAM.
Defendant was charged with three misdemeanor offenses in two separate bills of information in the Second Parish Court of Jefferson Parish. According to the state's application, the offenses were consolidated for trial pursuant to a state motion. On appeal, the Fifth Circuit found the existence of an error patent in that the defendant was entitled to trial by jury but the record did not establish that she had intelligently and knowingly waived that right. The appellate court noted that the parish court lacks jurisdiction in criminal cases which require a jury trial, reversed the convictions, and remanded the matter for retrial. 613 So.2d 638.
In finding that the defendant had been entitled to trial by jury, the appellate court reasoned that La.C.Cr.P. art. 493.1 did not apply to the instant case because at least two of the offenses consolidated had not been "joined in accordance with Article 493 in the same indictment or information." La.C.Cr.P. art. 493.1. Accordingly, the consolidation did not serve to deprive the defendant of her right to trial by jury in exchange for a reduction in sentencing exposure. The court then went on to find that the total potential punishment for the consolidated offenses exceeded six months imprisonment, thereby entitling the defendant to trial by jury under the holding in State v. McCarroll, 337 So.2d 475 (La. 1976).
The reasoning of the Fifth Circuit is correct. See State v. Odell, 458 So.2d 1304 (La.1984). We further note that this reasoning applies regardless of which party instigates consolidation. The decision of whether to charge an accused in one bill of information with multiple offenses, or in separate bills of information for each offense, is within the discretion of the district attorney alone. It is only when the district attorney exercises that discretion and joins the offenses in the same bill of information that the defendant is entitled to the reduced sentencing exposure of Article 493.1. See id. at 1306. Likewise, it is only when the district attorney joins the offenses in accordance with Article 493 in the same indictment or information that the state may avoid a jury trial. See State v. Johnson, 458 So.2d 1301 (La.1984). Accordingly, even if the defendant had moved to consolidate the offenses under La.C.Cr.P. art. 706, she could not be deprived of her right to trial by jury. See State v. Williams, 404 So.2d 954 (La.1981); State v. Bouche, 485 So.2d 950 (La.App. 5th Cir. 1986).
The opinion of the appellate court is affirmed.
LEMMON and KIMBALL, JJ., dissent.
WATSON, J., not on panel.