827 So.2d 1277 (2002)
STATE of Louisiana,
v.
Todd William STEWART.
No. 02-0196.
Court of Appeal of Louisiana, Third Circuit.
October 2, 2002.
J. Reed Walters, District Attorney, 28th JDC, Walter E. Dorroh, Jr., Asst. D.A., Jena, LA, for Plaintiff/Appellant State of Louisiana.
Lavalle Bernard Salomon, Monroe, LA, for Defendant/Appellee Todd William Stewart.
Court composed of SYLVIA R. COOKS, GLENN B. GREMILLION, and ELIZABETH A. PICKETT, Judges.
GREMILLION, Judge.
In this case, the State appeals the trial court's order granting Defendant's Motion to Quash the Bill of Information charging him with D.W.I., fourth offense, and reducing the charge to D.W.I., third offense. *1278 For the following reasons, we vacate the order and remand for further proceedings.

FACTS AND PROCEDURE
The Defendant, Todd W. Stewart, was charged by bill of information with D.W.I., fourth offense, a violation of La.R.S. 14:98. The State filed a Notice of Certified Records to be Used at Trial to which it attached documents regarding the three prior guilty pleas. Defendant filed a motion to quash, attacking all three of the prior pleas upon which the charge of D.W.I., fourth offense, was based. Subsequently, the trial court issued a written ruling in which it held that a prior plea entered in Caldwell Parish could not be used as a basis for enhancement of Defendant's current charge. The trial court gave the following reason for its ruling:
On the occurrence of the defendant's plea colloquy is (sic) Caldwell Parish, the transcript plainly indicated that he did waive his right to remain silent on page 7 thereof. However, nowhere in the actual plea colloquy was the defendant advised of his right to a bench trial on the charge. The minutes of court simply recite that: "The court advised the defendant of all rights and accepted the plea." As a consequence, the court will not permit the state to rely upon this conviction as a prior predicate for enhancement of the penalty.
The State is now appealing the trial court's ruling.

ENHANCEMENT OF DWI CHARGE
The State contends the trial court's ruling was incorrect. Specifically, the State argues that it was not necessary for the trial court to advise Defendant of his right to a jury trial because he pled to a charge of D.W.I., first offense, and was, thus, not entitled to a jury trial. It contends that the trial court's statement, "By pleading guilty you're giving up the right to have a lawyer represent you at a trial of these DWIs," satisfied the requirement of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). (Emphasis added by the State).
Defendant, on the other hand, claims that he was entitled to a jury trial because two separate bills of information were filed in his prior case. Additionally, he states that "[h]ad he proceeded to trial, albeit without counsel in the matter, even an agreement between he and the prosecution to a consolidation would not have waived his right to jury trial." He contends that because there is no specific waiver of trial by judge or jury, the prior plea was inadequate and the waiver of rights deficient. Thus, he claims the trial court's ruling was correct and should be upheld.
As support for his position that he was entitled to a jury trial, Defendant directs us to La. Const. art. I, § 17, which states in pertinent part:[1]
A case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months shall be tried before a jury of six persons, all of whom must concur to render a verdict.
Defendant additionally cites State v. Thomas, 98-231, p. 1 (La.App. 3 Cir. 1/6/99), 735 So.2d 669, 670, in which we stated:
When misdemeanor offenses are charged by separate bills of information and the aggregate penalty of the offenses exceeds six months imprisonment or a fine of $1,000.00, a defendant is *1279 entitled to a jury trial. State v. Hornung, 620 So.2d 816 (La.1993). At the time of his trial, the defendant had been charged by four separate charging instruments. His penalty exposure exceeded six months confinement.
A review of the documents regarding the Caldwell Parish offense and plea reveal that Defendant was originally charged by two separate bills of information with speeding, a violation of La.R.S. 32:61, and D.W.I., second offense, a violation of La. R.S. 14:98. The offenses both allegedly occurred on December 7, 1994. The Defendant ultimately pled guilty to D.W.I., first offense, and speeding.[2] At the time of the commission of the offenses, D.W.I., second offense, carried a fine of not less than three hundred dollars nor more than one thousand dollars, and imprisonment for not less than thirty days nor more than six months. However, a conviction for a first offense carried a fine of one hundred twenty-five to five hundred dollars, and imprisonment for not less than ten days nor more than six months. Speeding carried a fine of no more than one hundred seventy-five dollars or imprisonment for not more than thirty days or both, unless otherwise specifically provided. See La. R.S. 32:57. The State orally amended the D.W.I. charge to a first offense and Defendant pled to this offense as well as to speeding, both misdemeanors.

WAIVER OF JURY TRIAL
On appeal, Defendant contends he was entitled to a jury trial because there was no specific waiver of trial by judge or jury, therefore, the plea was inadequate. Defendant first contends that he was entitled to a jury trial and was not properly advised of this right. For the following reasons, we find that Defendant has failed to show either in the lower court or this court that he was entitled to a jury trial.
Standing alone, neither of the offenses to which Defendant pled guilty carried a fine in excess of one thousand dollars or imprisonment for more than six months. Although the excerpt Defendant cites from Thomas states a defendant is entitled to a jury trial if the offenses are charged by separate bills of information and the aggregate penalty of the offenses exceeds six months imprisonment or a fine of $1,000.00, we note that the offenses in Thomas were tried together. In State v. Booker, 98-0456, p. 1 (La.App. 1 Cir. 5/13/98), 780 So.2d 1070, 1070-71, our colleagues held the defendant was entitled to a jury trial "[s]ince [he] was charged by two separate bills of information with misdemeanors tried together and carrying a maximum aggregate penalty in excess of six months in jail." In the present case, although the offenses occurred on the same date, Defendant did not claim in his motion to quash or on appeal that the two charges were to be consolidated for purposes of trial. Accordingly, we find that Defendant has not affirmatively shown that he was entitled to a jury trial and that the Caldwell Parish judge was required to inform him of his right to a jury trial.
Thus, the next issue to consider is whether Defendant was adequately informed of and waived his right to a bench trial. At the 1995 plea proceeding, the trial court stated, "By pleading guilty you're giving up the right to have a lawyer represent you at a trial of these DWIs." The trial court later stated, "this will be *1280 entered upon your record the same as if convicted at a trial." In State v. Jones, 404 So.2d 1192, 1196 (La.1981), the supreme court set forth the requirements which must be met for accepting a guilty plea in a misdemeanor case:
Accordingly, whenever a misdemeanor guilty plea will be used as a basis for actual imprisonment, enhancement of actual imprisonment or conversion of a subsequent misdemeanor into a felony, it is incumbent upon the trial judge to inform the defendant that by pleading guilty he waives (a) his privilege against compulsory self-incrimination; (b) his right to trial and jury trial where it is applicable; (c) his right to confront his accusers, and to make sure that the accused has a full understanding of what the plea connotes and of its consequence. See State ex rel. Jackson v. Henderson, supra, 260 La. at 101, 103, 255 So.2d 85.
A somewhat similar situation was before the fourth circuit in State v. Brew, 593 So.2d 447 (La.App. 2 Cir.1992). There, our colleagues found a general advisement was not sufficient to adequately apprize the defendant of his right to a jury trial. Specifically, the court stated:

State v. Santiago, 416 So.2d 524 (La. 1982) [,] holds that the record must conclusively show that a defendant was advised of his right to a trial by jury and that he waived it. A record only evidencing a general advisement of the right to trial by jury and the waiver thereof does not affirmatively show that the defendant knowingly and voluntarily waived his right to trial by jury. State v. Age, 417 So.2d 1183 (La.1982). The following excerpts reveal the only instances where the trial court mentioned a jury trial at Brew's 1984 guilty plea:
Q: At any jury trial you have the right to confront your accusers and to compel testimony on your behalf from your witnesses. By entering this plea of guilty you are waiving or giving up these rights. Do you understand that?
A: Yes Sir.
. . . .
Q: If you were to go to trial and in the event of a conviction, that is, if the jury finds you guilty, you would have the right to an appeal. And again, in the event of an appeal, if you could not afford an attorney one would be appointed for you which would not cost you anything, by entering a plea of guilty you are waiving or giving up their [sic] rights; do you understand that?
A: Yes Sir.
The trial judge failed to specifically inform Brew of his right to a trial, much less a jury trial; he never specifically told Brew that by pleading guilty he was waiving his right to a trial, much less a jury trial. Thus, he failed to obtain Brew's waiver of a jury trial on the record.
Id. at 450-51.
At best, the instant case involves nothing more than a general advisement of Defendant's right to a trial. Although Defendant has not produced affirmative evidence showing he was entitled to be informed of his right to a jury trial, he has shown that it is questionable whether he was adequately informed of his right to a bench trial. In State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556, the supreme court established the burden of proof for a defendant's challenge to the state's use of a prior offense. The supreme court stated:
In [State v.] Shelton[, 621 So.2d 769 (La.1993)], this Court recognized that Boykin does not require that the entire burden be placed on the prosecution in a recidivism proceeding. 621 So.2d at 779 *1281 (relying on Parke [v. Raley], 506 U.S. [20] at 34, 113 S.Ct. [517] at 525-26 [, 121 L.Ed.2d 391 (1992)]). Rather, the presumption of regularity that attaches to prior convictions encouraged us to revisit our previous system of placing the entire burden on the State to prove the validity of prior convictions. Id. Consequently, we held that when a defendant denies the allegations contained in the bill of information in an habitual offender proceeding, the burden is on the State to prove the existence of the prior guilty pleas and that the defendant was represented by counsel when they were taken. Id. If the State meets this initial burden, the defendant must produce affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. Id. If the defendant carries this burden, then the burden reverts to the State to prove the constitutionality of the plea. Id. The State will meet this burden by producing a "perfect" transcript of the guilty plea colloquy. Anything less than a "perfect" transcript, such as a guilty plea form or minute entry, will require the trial judge to weigh the evidence submitted by both sides and determine whether the defendant's Boykin rights were prejudiced. In Shelton, we held that the State carried its initial burden under the revised burden-shifting rules by producing a well-executed guilty plea/waiver of rights form and a minute entry which stated, inter alia, that the judge "gave the Defendant his rights." Id. at 770, 780.
We believe that these burden-shifting principles are logically applicable to the recidivist provisions of the DWI statute. The collateral attack on the prior guilty plea made by Carlos in the motion to quash is closely analogous to the recidivism proceeding at issue in Shelton. In both proceedings, the issue of the constitutionality vel non of prior convictions, which are questions of law for the Court to decide, were squarely placed before the Court in a proceeding separate from the fact questions. In the DWI context, we believe such pre-trial determinations allow for efficient disposal of questions that may impact the integrity of predicate offenses used for sentence enhancement, while giving due respect for final judgments that are owed a presumption of regularity. A Shelton hearing that tests the validity of offenses sought to be used in multiple-offender DWI cases does not, however, remove the burden from the State to prove the existence of the conviction at trial. The State retains the burden at trial to prove the existence of the prior convictions and the defendant's identity as the prior offender.
Id. at 559-560 (footnotes omitted).[3]
The Carlos court determined the State had presented sufficient proof of the existence of the prior plea and that the defendant was represented by counsel. However, the case was remanded to allow the defendant the opportunity to attempt to meet his burden of proof at a hearing. As noted previously, there is no indication that a hearing was held on the motion to quash in this case. However, the failure of the trial court to conduct a hearing is not being challenged by either party. La. Code Crim.P. art. 537 states, "All issues, whether of law or fact, that arise on a motion to quash shall be tried by the court *1282 without a jury," which implies that a hearing is required.
We look with approval to the case of State v. Lowry, 00-107 (La.App. 5 Cir. 6/27/00), 762 So.2d 1275, appeal after remand, 01-111 (La.App. 5 Cir. 6/27/01), 791 So.2d 765, where the defendant filed a motion to quash which was denied by the trial court. He subsequently entered a Crosby plea and appealed the trial court's denial of the motion to quash. On appeal, the defendant argued that the State failed to establish the constitutionality of one of the predicate convictions, noting that the State did not produce evidence establishing the existence of any prior D.W.I. conviction at the hearing on the motion to quash. The State argued that the motion was inadequate because it did not specify which predicate conviction was being challenged. The fifth circuit concluded:
In this case, the record reflects that the Defendant's Motion to Quash failed to specify which of the two predicate offenses was challenged and, furthermore, the State failed to introduce evidence showing the existence of the predicate convictions and evidence that defendant knowingly and intelligently waived his right to counsel. The transcript reflects, that at defense counsel's request, the trial court denied the Motion to Quash in order to permit defendant to enter into a Crosby plea.
LSA-C.Cr.P. art. 537 states that "[a]ll issues, whether of law or fact, that arise on a Motion to Quash shall be tried by the court without a jury." In the case sub judice, the State was not afforded the opportunity to prove the existence of the prior guilty pleas and that the defendant was represented by counsel. In both Shelton and Carlos, the cases were remanded to allow the defendants in those cases an opportunity to meet their burdens of production at a hearing. Therefore, we set aside the denial of the Motion to Quash, vacate the guilty plea, set aside both the conviction and sentence, and remand this case to the district court with instructions to allow both the State and the defendant an opportunity to meet their respective burdens at a hearing to be held consistent with this opinion.
Id. at 1278.
In this case, while a hearing was required, one was not held. After reviewing the transcript of the 1995 guilty plea, it is questionable whether the trial court adequately informed Defendant that, by pleading guilty, he was waiving his right to a bench trial. Because a hearing was not held, the State did not have the opportunity to prove the constitutionality of the plea, nor was Defendant allowed an opportunity to present evidence showing the Caldwell Parish charges were to be tried together absent the plea agreement. Thus, we remand the case for a hearing where the parties shall be given an opportunity to meet their respective burdens.

CONCLUSION
The ruling of the trial court granting the motion to quash is set aside and the case is remanded to the trial court for a hearing at which both the State and Defendant shall be given the opportunity to meet their respective burdens of proof as set forth above.
REMANDED WITH INSTRUCTIONS.
NOTES
[1] We note La.Code Crim.P. art. 779(A) states, "A defendant charged with a misdemeanor in which the punishment, as set forth in the statute defining the offense, may be a fine in excess of one thousand dollars or imprisonment for more than six months shall be tried by a jury of six jurors, all of whom must concur to render a verdict."
[2] It appears the information regarding the predicate offenses was filed in the record on February 27, 2001, attached to the State's Notice of Certified Records to be Used at Trial. Although Defendant states in his brief that the guilty plea transcript of the challenged predicate offense was submitted to the trial court with the motion to quash, there is no reference to the transcript in the motion and the transcript was not filed as an attachment to the motion in the record.
[3] Even though the State has the initial burden of proving the existence of the prior plea and that Defendant was represented by counsel when the plea was taken, Defendant does not contest whether this burden was met. Defendant's Motion to Quash was limited to the issue of whether he was informed of his right to trial, either by a judge or jury.