ROBERT M. MURPHY, Judge.
|2The State of Louisiana appeals from the trial court’s judgment granting defendant Chadwick Joseph Boudreaux’s motion to quash two predicate driving while intoxicated (DWI) convictions. We reverse the decision of the trial court and remand this case for further proceedings.
PROCEDURAL HISTORY
On November 7, 2012, the Jefferson Parish District Attorney filed a bill of information charging defendant with DWI third offense, in violation of La. R.S. 14:98(A)(D). The bill of information alleged that defendant had two prior convictions of DWI in violation of La. R.S. 14:98 in Ascension Parish:
23rd JDC Case No 323-837, relating to offense on April 5, 2003; and 23rd JDC Case No. 332-667 relating to offense on December 20, 2003.
Both prior convictions were obtained by guilty pleas on the same date, October 26, 2005, with separate bills of information in the two cases, separate minute entries, and separate Boykin forms.
|aOn January 22, 2013, defendant filed a motion to quash based on La.C.Cr.P. art. 493.1, alleging that because the two Ascension Parish misdemeanor DWI pleas were taken on the same day, the cases were consolidated and that defendant was exposed to consecutive sentences in excess of six months. Defendant argues that he was entitled to a jury trial and he was informed only of his right to a judge trial. See State v. Hornung, 620 So.2d 816, 817 (La.1993). After a hearing on January 24, 2013, the *345 trial court granted defendant’s motion to quash the two predicate offenses. This appeal by the State followed.

ASSIGNMENT OF ERROR

In its single assignment of error, the State contends that the trial court erred in granting defendant’s motion to quash the predicate offenses in the instant case, where the exhibits offered by the State reflect the existence of the prior guilty pleas and that defendant was represented by counsel; where defendant presented no affirmative evidence of an infringement of his rights or a procedural irregularity in the taking of the plea; and where defendant was not entitled to a jury trial on the predicates.

DISCUSSION

The State argues that it met its burden with respect to defendant’s prior guilty pleas and that the certified copies of the predicate convictions, on their face, provide no support for defendant’s assertion that the cases were consolidated. The State further argues that because the underlying cases for the predicate convictions were not consolidated, defendant was not entitled to a trial by jury.
Conversely, defendant argued below that he pled guilty to the two predicate convictions from the 23rd Judicial District Court for Ascension Parish “at the same time.” Defendant further asserted, “As a result, at the time he pled guilty, there was no law prohibiting the trial judge from sentencing defendant to six months 14parish prison in docket number 823-837, six months parish prison in docket number 332-667, and running both sentences consecutively.” Defendant concluded that because he was exposed to the possibility of a one-year sentence, he had the right to a jury trial, and because the trial court did not advise him of this right, “those pleas are legally defective and cannot be used as a predicate to the present third offense DWI.”
A motion to quash can be employed to attack the constitutionality of prior convictions used to enhance a DWI charge. State v. Moten, 99-552, p. 2 (La.App. 5 Cir. 11/30/99), 748 So.2d 1210, 1211. The granting of a defendant’s motion to quash the bill of information is a discretionary ruling by the trial court, and absent abuse, the ruling should not be disturbed by the appellate court. State v. Payton, 06-1202, pp. 3-4 (La.App. 4 Cir. 2/28/07), 954 So.2d 193, 195 (citing State v. Love, 00-3347, p. 14 (La.5/23/03), 847 So.2d 1198, 1208).
A presumption of regularity attaches to prior convictions in multiple offender DWI cases, and the burden is on the defendant to show the prior guilty plea is constitutionally deficient. State v. Collins, 04-255, p. 5 (La.App. 5 Cir. 10/12/04), 886 So.2d 1149, 1153, writ denied, 04-2798 (La.3/11/05), 896 So.2d 62. In State v. Balsano, 09-0735, p. 8 (La.6/19/09), 11 So.3d 475, 479 (per curiam), the Louisiana Supreme Court recognized that it has consistently allowed defendants to attack collaterally the validity of guilty pleas used to enhance their sentences, whether in habitual offender proceedings under La. R.S. 15:529.1, State v. Shelton, 621 So.2d 769 (La.1993), or in habitual offender DWI prosecutions, State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556. This line of jurisprudence sets forth the respective burdens of proof when a defendant challenges the use of a predicate conviction for enhancement under the recidivist habitual offender and driving while intoxicated statutes.
| ¡;The Louisiana Supreme Court’s decision in Carlos, established a three-step analysis for determining the validity of prior DWI guilty pleas for use in enhanced *346 DWI proceedings. Balsano, supra. Adopting the Court’s prior opinion in Shelton, and acknowledging the presumption of regularity that attaches to prior final convictions, Carlos placed on the State the initial burden of proving the existence of the prior guilty pleas and that the defendant was represented by counsel when the pleas were taken. Balsano, supra (citing Carlos, 98-1366 at 6, 738 So.2d at 559). If the State meets this initial burden, “the defendant must produce affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea.” Balsano, supra (quoting Carlos, 98-1366 at 6-7, 738 So.2d at 559). If the defendant makes the required showing, the burden reverts to the State to produce a “perfect” Boykin transcript, i.e., one “which reflects a voluntary, informed, and articulated waiver of the three specific rights mentioned in Boykin.” Balsano, supra (quoting Carlos, 98-1366 at 7, 738 So.2d at 559 n. 4 and Shelton, 621 So.2d at 775 n. 12). Anything less than a perfect transcript, “such as a guilty plea form or minute entry, will require the trial judge to weigh the evidence submitted by both sides and determine whether the defendant’s Boykin rights were prejudiced.” Balsano, supra (quoting Carlos, 98-1366 at 7, 738 So.2d at 559).
 In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court emphasized three federal constitutional rights that are waived by a guilty plea: the privilege against self-incrimination, the right to a trial by jury, and the right to confront accusers. State v. Davis, 03-488 (La.App. 5 Cir. 11/12/03), 861 So.2d 638, 642, writ denied, 03-3401 (La.4/2/04), 869 So.2d 874. Because a plea of guilty waives these fundamental rights of an accused, due process requires that the plea be a voluntary and intelligent waiver of known rights [fim order to be valid. The record of the plea must show that the defendant was informed of these three basic rights and then knowingly and voluntarily waived them. State v. Galliano, 396 So.2d 1288, 1290 (La.1981). Under Boykin v. Alabama, the decision to plead guilty will not be considered voluntary unless, at the very least, the defendant has been advised of his privilege against self-incrimination, and his rights to a trial by jury and confrontation. State v. Payton, 04-1024, p. 4 (La.App. 5 Cir. 1/11/05), 894 So.2d 362, 365. The record must also show the defendant freely and voluntarily waived those rights. Id.
The Balsano court explained that Carlos spoke more broadly about prejudice to Boykin rights because prior DWI convictions used to enhance sentence in many cases, if not most, are misdemeanor offenses as to which the defendant does not have the right to a jury trial, thereby shrinking the three-right rule to two rights. Balsano, 09-0735 at 9, 11 So.3d at 479-80.

Defendant’s Predicate Pleas

We find that the State met its initial burden of proving the existence of the guilty pleas and that defendant was represented by counsel at the time of the guilty pleas. With respect to the conviction in case # 323-837, the State introduced a certified copy of the minute entry and commitment, and an executed “Waiver Of Rights Acknowledgement and Acceptance of Guilty Plea” form, reflecting a guilty plea and that defendant was represented by counsel, W. Valentine. Regarding the second predicate conviction in case # 332-667, the State similarly introduced a certified copy of the minute entry and commitment, and an executed “Waiver of Rights Acknowledgement and Acceptance of Guilty Plea” form, reflecting a guilty plea and that defendant was represented by *347 counsel, W. Valentine. As such, the burden shifted to defendant to produce affirmative evidence showing an [ ./infringement of his rights or a procedural irregularity in the taking of the predicate pleas.
In his motion to quash, defendant sought to meet this burden by arguing that the predicate pleas were obtained without a lawful, knowing, and intelligent waiver of his right to jury trial, based upon the presumption that because “the two cases were consolidated” and defendant pled guilty to them at the same time, he was exposed to a maximum aggregate penalty exceeding six months imprisonment because the trial court could have sentenced him to consecutive six-month sentences.
In granting defendant’s motion to quash, the trial court relied on this Court’s opinion in State v. Mesman, 488 So.2d 1296 (La.App. 5 Cir.1986). In Mesman, the defendant was charged in separate bills of information with driving while intoxicated and improper lane usage. On appeal, this Court pretermitted discussion of the defendant’s assignment of error and instead reversed the conviction on error patent. Specifically, this Court found that because the defendant was entitled to a jury trial, First Parish Court for the Parish of Jefferson was without jurisdiction to hear the case. In holding so, the Court reasoned:
When several charges against a defendant are consolidated, the law considers-all charges as if they were originally joined in a single bill of information, and as a result the total possible punishment is the sum of the maximum possible for each charge. State v. Williams, 404 So.2d 954 (La.1981) (citation omitted). A defendant is entitled to a jury trial when he is exposed to a maximum aggregate penalty exceeding six months imprisonment. La. Const. Art. 1, sec. 17; State v. Laurendine, 439 So.2d 398 (La.1983); State v. Bouehe, [supra.] [485 So.2d 950 (La.App. 5 Cir.1986) ] Waiver of defendant’s right to trial by jury is never presumed. State v. Mc Carroll, 337 So.2d 475 (La.1976); State v. Bouche, supra.
Mesman, 488 So.2d at 1297. The State argues that Mesman is distinguishable from the present case, in that the two predicate charges, for which defendant was convicted, were never consolidated.
lRThis Court considered a similar issue in State v. Vu, 02-1243 (La.App. 5 Cir. 4/8/03), 846 So.2d 67. In that case, the defendant was charged with driving while intoxicated, fourth offense. The bill of information specified three predicate convictions for driving while intoxicated, first offense. The bill indicated that the three guilty pleas were entered on February 16, 2000, under separate docket numbers, for offenses that took place on separate dates. Id. at 69. The defendant filed a motion to quash the bill of information, which was denied. On appeal, the defendant argued that his predicate guilty pleas were constitutionally infirm because he was not advised of his right to a trial by jury.[1] In holding that the defendant was not entitled to a jury trial of the predicate offenses, this Court reasoned:
We note that the three misdemeanor predicate charges were not consolidated for trial. Thus, the penalties need not be aggregated for purposes of determining the necessity of a jury trial. In those instances when more than one misdemeanor offense is charged by separate bills of information, but are consol *348 idated for trial, the aggregate possible punishments are determinative of whether the defendant is entitled to a jury trial. State v. Hornung, 620 So.2d 816, 817 (La.1993).
In this case defendant was charged by three separate citations, each case had a different docket number, separate minute entries and separate waiver forms were executed for each. Although there was one colloquy, defendant requested that there be one plea colloquy for the three offenses. It does not appear there was any intent by the State or the defendant to consolidate the three cases. As such, standing alone, none of the misdemeanor offenses to which defendant pled guilty carried a fíne in excess of $1,000 or imprisonment in excess of six months. Accordingly, defendant was not entitled to a jury trial under the facts of this case. State v. Stewart, 02-196, pp. 6-7 (La.App. 3 Cir. 10/2/02), 827 So.2d 1277, 1279. Since defendant was not entitled to a jury trial, the trial judge correctly informed him during the colloquy that he was entitled to a “judge trial” and the predicate guilty pleas were not defective for enhancement purposes. This assignment of error is without merit. Id. at 74.
j^It was also noted that the defendant was advised of his right to a bench trial during his predicate conviction pleas, which was all that was required. Id. at 73.
In the instant case, at the January 24, 2013 hearing on defendant’s motion to quash, the State introduced Exhibits 1 and 2, pertaining to defendant’s previous DWI convictions in Case Numbers 323-837 and 332-667 respectively.
Under the same criteria used by this Court in Vu, supra, we find that defendant’s predicate DWI offenses were not consolidated for trial. First, the predicate offenses occurred on different dates, April 5, 2003, and December 20, 2003. Theoretically, a trial and sentencing on the first arrest could have taken place before the second ever occurred. Next, as the bill of information for his current charge indicates, defendant’s predicate charges were made by two separate citations. Each case had a different docket number, separate minute entries and separate waiver forms were executed for each. Defendant did not demonstrate, and it does not appear from the record, that there was any intent by the State or defendant to consolidate the two predicate cases.[2] As such, standing alone, neither of the predicate misdemeanor offenses to which defendant pled guilty carried a fine in excess of $1,000 or imprisonment in excess of six months at the time the offenses were committed in 2003.[3] Accordingly, we find that defendant was not entitled to a jury trial at the time of his pleas, and therefore the sentencing judge was not compelled to so ■inform defendant. Defendant was advised of his right to a judge trial, which was *349 appropriate. See also State v. Hunter, 13-82 (La.App. 5 Cir. 7/30/13), 121 So.3d 782 (holding that where two misdemeanor cases were never consolidated, defendant had no right to trial by jury).
We further find that while the State met its initial burden under Carlos, supra, defendant produced no affirmative evidence at the hearing on his motion to quash showing an infringement of his rights or a procedural irregularity in the taking of the pleas. Specifically, defendant did not show that the cases for his two predicate DWI convictions were consolidated by his own motion or by motion of the State.
We find that defendant’s pleas to the two predicate offenses are not constitutionally infirm and may be used for enhancement purposes; the trial court erred in granting defendant’s motion to quash.
For the above discussed reasons, the decision of the trial court granting the motion to quash is reversed and the matter is remanded for further proceedings.

ERRORS PATENT

The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals no errors patent in this case.

REVERSED AND REMANDED.

. This Court noted that "Defendant's argument is based upon the supposition that the three predicate convictions were graduated in severity (i.e., first, second, third) and a third offense DWI is a felony, thus requiring a jury trial.”

. During the motion to quash hearing, defense counsel acknowledged that there was nothing in the records of the two predicate convictions which showed that the cases had been consolidated, "There were two docket numbers. Essentially one DWI was filed in Docket 323-837. Another DWI was filed in Docket 332-667. When the matter came for trial, tire matter was considered. Discussions were had; that’s not a matter of record. What is a matter of record is that they consolidated the two cases, and Mr. Chadwick pled guilty to them at the same time." The record does not show that defendant's current counsel also represented him on the predicate offenses at issue.

. The law in effect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer. State v. Wright, 384 So.2d 399, 401 (La.1980).