# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**24-593**

**STATE OF LOUISIANA**

**VERSUS**

**JEROME LEE MANUEL**

**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. T 526846
HONORABLE DESIREE DYESS, DISTRICT JUDGE

**********

**WILBUR L. STILES**
**JUDGE**

**********

Court composed of Charles G. Fitzgerald, Ledricka J. Thierry, and Wilbur L. Stiles, Judges.

**AFFIRMED.**

**Paula C. Marx**
**Louisiana Appellate Project**
**Post Office Box 82389**
**Lafayette, LA 70598-2389**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
	**Jerome Lee Manuel**

**Billy Joe Harrington**
**District Attorney**
**Clifford R. Strider, III**
**Assistant District Attorney**
**R. Bray Williams**
**Assistant District Attorney**
**200 Church Street**
**Natchitoches, LA 71457**
**(318) 357-2214**
**COUNSEL FOR APPELLEE:**
	**State of Louisiana**

**STILES, Judge.**

Defendant Jerome Lee Manuel appeals the trial court's denial of his Motion to Quash the use of a predicate offense in his conviction of operating a vehicle while intoxicated third offense. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Following an August 10, 2023 traffic stop in Natchitoches Parish, the State charged Defendant by bill of information with operating a vehicle while intoxicated, third offense, a violation of La.R.S. 14:98; no lights on license plate, a violation of La.R.S. 32:304; and operating a vehicle while under suspension, a violation of La.R.S. 32:415. Following arraignment, Defendant entered a plea of not guilty to those charges.

On October 2, 2023, Defendant filed a pro se Motion to Quash, attacking the use of his prior OWI convictions and, thereafter, filed two additional motions in support of his position. The trial court heard and denied the Motions to Quash on May 13, 2024.

After a recess in the hearing, the State amended the bill of information to delete the misdemeanor offenses and to provide pertinent details regarding the predicate OWI convictions, which occurred in Red River and Caddo Parishes. Counsel initially waived formal arraignment and entered a plea of not guilty on behalf of Defendant. Before the matter proceeded to trial, however, the State and Defendant entered into a plea agreement whereby Defendant entered a plea of guilty under *State v. Crosby*, 338 So.2d 584 (La.1976), reserving his right to seek review of the trial court's ruling on his Motion to Quash.

When the matter proceeded to a sentencing hearing on June 1, 2024, the trial court first denied Defendant's request to withdraw his plea[1] and thereafter sentenced Defendant to serve five years at hard labor without benefit of probation, parole, or suspension of sentence. The trial court ordered the sentence to run consecutively to any other sentence Defendant was serving. The trial court also imposed a fine of $2,000. Defendant filed a Motion to Reconsider Sentence on June 20, 2024, which the trial court denied the following day.

The trial court granted Defendant's request for an out of time appeal on July 26, 2024. In his sole assignment of error, Defendant maintains that:

I. The trial court's failure to comply with *Boykin* [*v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969)], in the alleged predicate offense in Caddo Parish Docket Number 336822, for second offense OWI, precludes the use of that offense as a predicate for a conviction of a third offense operating a vehicle while under the influence of alcohol.

## DISCUSSION

*Errors Patent*

Following review of the record in accordance with La.Code Crim.P. art. 920, we identify no errors patent.

*Motion to Quash – Caddo Parish Offense*

Defendant maintains that the trial court failed to comply with *Boykin* in the predicate offense in Caddo Parish Docket Number 336822 and, therefore, the State is precluded from using that offense for purposes of the third offense OWI conviction. In sum, Defendant points out that the Caddo Parish matter involved his

---

[1] In denying the request, the trial court stated that: "Sir, your request to withdraw your guilty plea is denied. You were properly boykinized. And the Court accepted your plea. I found that you had knowingly, intelligently, and consciously waived your rights, and your plea of guilty was accepted on May 13th when you decided to plead guilty."

plea to not only the predicate offense of OWI second offense but also to a count of vehicular negligent injuring. Defendant maintains that due to the presence of two charges, he was exposed to a twelve-month sentence and was entitled to a jury trial. He contends that, despite that alleged exposure, the trial court did not "properly inform[] him of his right to a jury trial in that situation."

In considering this assignment, we note that, in *State v. Carlos*, 98-1366 (La. 7/7/99), 738 So.2d 556, the supreme court established the burden of proof for a defendant's challenge to the state's use of a prior offense. The court explained:

> [W]hen a defendant denies the allegations contained in the bill of information in an habitual offender proceeding, the burden is on the State to prove the existence of the prior guilty pleas and that the defendant was represented by counsel when they were taken. *Id*. If the State meets this initial burden, the defendant must produce affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. *Id*. If the defendant carries this burden, then the burden reverts to the State to prove the constitutionality of the plea. *Id*. The State will meet this burden by producing a "perfect" transcript of the guilty plea colloquy. Anything less than a "perfect" transcript, such as a guilty plea form or minute entry, will require the trial judge to weigh the evidence submitted by both sides and determine whether the defendant's *Boykin* rights were prejudiced.

*Id*. at 559 (footnote omitted) (citing *State v. Shelton*, 621 So.2d 769 (La.1993)). *See also State v. Johnson*, 08-494 (La.App. 3 Cir. 11/5/08), 996 So.2d 1235, *writ denied*, 08-2844 (La. 9/25/09), 18 So.3d 84.

Pursuant to *Carlos*, the State had the initial burden of proving the existence of the Defendant's prior guilty pleas in Caddo and Red River Parishes and that Defendant was represented by counsel when the pleas were entered. The State met its burden by submitting the transcripts of both of Defendant's pleas. The burden thus shifted to the Defendant to prove there was an infringement of his rights or a

procedural irregularity in the taking of his prior pleas. Our review supports the trial court's determination that Defendant failed to meet that burden.

In his October 2, 2023 Motion to Quash Bill of Information, Defendant asserted that he had "never been convicted on no invalid predicate offense(s)[.]" Defendant stated it was "too impossible for the Prosecutor to provide a copy of the certified conviction packet" that verified he was properly *Boykinized*.

Next, in an October 27, 2023 Supplemental Motion to Quash Bill of Information, he argued that the OWI conviction in Caddo Parish should be quashed because the State could not provide a "validly written Bill of Information clearly and lawfully evidencing that any District Attorney of Caddo Parish lawfully charged [him] to be a Second DWI Offender by a completely valid certified Bill of Information." Defendant further argued that his Caddo and Red River convictions could not be used because the State could not produce a valid certified conviction packet.

Finally, in his December 6, 2023 Evidence in Support of Supplemental Motion to Quash Bill of Information, Defendant suggested that the "certified guilty plea/sentencing minutes" attached to his motion supported his claim that his prior pleas were not knowingly and intelligently made. In particular, he maintained that they did not show he willingly waived his privilege against self-incrimination, to trial by judge and by jury where applicable, and to confront his accusers. Defendant also alleged that the record did not show that the State offered three different blood alcohol tests to support the bill of information. He further maintained that the trial court presiding over each of the predicate offenses failed to comply with La.Code Crim.P. art. 556.1 in that they failed to ascertain whether he understood the nature and consequences of his pleas.

4

At the hearing on the motions, defense counsel argued that the previous transcripts did not adequately and sufficiently reflect a factual basis for the pleas and that Defendant was not "freely aware of the consequences of his plea and therefore each plea in Red River and Caddo Parish should be quashed." Neither Defendant nor his counsel specifically argued, as Defendant does on appeal, that the Caddo Parish court should have informed Defendant that he had the right to trial by jury because he was exposed to an aggregate sentence of twelve months. Thus, the trial court was never presented with the particular objection Defendant advances for the first time on appeal. While an appellate court will not typically consider a new basis for an objection for the first time on appeal, we are mindful that Defendant advanced the more general and encompassing complaint that he was not "freely aware" of the consequences of his plea. We address Defendant's argument within that context.

The State presented the transcript of the February 8, 2016 plea hearing in the Caddo Parish predicate offense. The transcript reflects that the trial court advised Defendant that:

> First, sir, if you had a trial - - because these are misdemeanor charges, the state is dismissing the felony charges - - you would have the right to trial before the court on each of those charges. I will note, as you indicated, that if they sought to run the sentences concurrent, you may have the right to a trial by jury, even though the charges are misdemeanor charges.

Albeit with imprecise language, the trial court informed Defendant of two distinct circumstances. First, the trial court explained to Defendant that he had a right to a "trial before the court on each of those charges." Further, the trial court specifically advised Defendant that in the event the State sought to "run the sentences concurrent [sic], you may have the right to a trial by jury, even though the charges are misdemeanor charges." Notwithstanding the trial court's reference to "concurrent"

sentences rather than "consecutive" sentences, the trial court apprized Defendant of the right to trial by jury under certain circumstances. When the trial court asked whether Defendant understood that he would be "giving up those rights in this case, and there will not be trials on these charges[,]" Defendant responded, "Yes, sir. Your Honor."

Moreover, while the Caddo Parish materials indicate that Defendant pled guilty to OWI, second offense on the same day he pled guilty to vehicle negligent injury, and it appears that the acts occurred on the same date, Defendant was charged by two separate docket numbers. Neither the transcript of the proceedings nor Defendant's pleadings filed in the trial court indicate in any way that the docket numbers were consolidated. We thus conclude that Defendant has not affirmatively shown that he was entitled to a trial by jury and that the Caddo Parish judge was required to further, or more particularly, inform him of his right to a jury trial. *See State v. Stewart*, 02-196 (La.App. 3 Cir. 10/2/02), 827 So.2d 1277 (wherein a panel of this court determined that, although two misdemeanors occurred on the same date, Defendant did not affirmatively show that he was entitled to a jury trial as he did not claim that the misdemeanor charges were to be consolidated for purposes of trial.). *See also State v. Boudreaux*, 13-394 (La.App. 5 Cir. 12/12/13), 131 So.3d 342, *writ denied*, 14-115 (La. 6/20/14), 141 So.3d 807; *State v. Vu*, 02-1243 (La.App. 5 Cir. 4/8/03), 846 So.2d 67. Rather, the record demonstrates that the trial court advised Defendant of the required *Boykin* rights, that Defendant acknowledged those rights, and thereafter effectively waived them. *See Carlos*, 738 So.2d 556.

Defendant's assignment of error lacks merit.

## DECREE

Defendant's conviction and sentence are affirmed.

**AFFIRMED.**